**Tharani v 142 E. 49th Owners Corp.**

2024 NY Slip Op 30278(U)

January 23, 2024

Supreme Court, New York County

Docket Number: Index No. 100146/2022

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                          PART          47

*Justice*

-------------------------------------------------------------------------X

SHARICK IRIZARRY THARANI,

Plaintiff,

- v -

142 EAST 49TH OWNERS CORP.,

Defendant.

-------------------------------------------------------------------------X

INDEX NO.              100146/2022

MOTION DATE            10/20/2023

MOTION SEQ. NO.          007

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 121, 123, 124, 125

were read on this motion to/for         VACATE - DECISION/ORDER/JUDGMENT/AWARD.

In this co-operative shareholder's action, plaintiff's pro se complaint includes causes of action for breach of fiduciary duty, breach of the lease, breach of the warranty of habitability, unjust enrichment, and infliction of emotional distress (NYSCEF Doc 113, pp. 4-17). By decision and order dated January 17, 2023, defendant's motion for partial summary judgment was granted to the extent that plaintiff's breach of contract claim based on allegations occurring more than six years prior to filing suit, and her breach of fiduciary duty claim based on allegations occurring more than three years prior to filing suit were dismissed as untimely (MS #5, NYSCEF Doc No 87).

Plaintiff now moves to vacate the January 17, 2023 order pursuant to CPLR § 5015(a)(3)[1], alleging that defendant's attorneys misrepresented the facts and issues, thereby fraudulently obtaining the judgment in its favor (NYSCEF Doc No 111). Plaintiff also seeks

---

[1] CPLR § 5015(a)(3) provides that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on a motion . . . upon the ground of[] fraud, misrepresentation, or other misconduct of an adverse party."

**100146/2022   THARANI, SHARICK IRIZARRY vs. VALENTINO, DEAN**          **Page 1 of 4**
**Motion No.  007**

1 of 4

dismissal of defendant's affirmative defenses and counterclaims pursuant to CPLR § 3211(b). Defendant opposes the motion on procedural grounds, asserting that it was untimely filed, and on substantive grounds, arguing that plaintiff offers no evidence of fraud, misrepresentation, or misconduct, nor does she state a basis for dismissing its affirmative defenses (NYSCEF Doc No 118).

Plaintiff's moving papers make numerous references to defendant's attorneys allegedly "misrepresent[ing] the facts" (see generally, NYSCEF Doc No 111 ["Defendants' attorneys' misrepresented facts to abuse the discovery process, as they twisted the truth to bury the plaintiffs case," "Hillary Fraenkel and Kenneth Amarillo misrepresented several facts to gain advantage to destroy plaintiffs case," "The Defendant attorney . . . misled the plaintiff"]). However, she fails to clearly indicate what those fraudulent actions or statements were and how defendant *used them to procure the order* she seeks to vacate (*Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 70 [2003]; *Kowal v JackFromBrooklyn Inc.*, 183 AD3d 407, 408 [1st Dept 2020]; *Bestin Realty, S.A. v SCI Claridge*, 128 AD3d 503, 503 [1st Dept 2015]). For example, plaintiff states that "Ms. Hillary Ann Fraenkel states Plaintiff impermissively amended her summons and served defendants with an amended complaint that was not filed with the court" (NYSCEF Doc No 111). However, it is unclear how this statement, even if fraudulent, factored into the court's decision to grant partial summary judgment based on the statute of limitations. In other words, plaintiff fails to identify specific misrepresentations that led the court to believe the breach of contract claim and breach of fiduciary duty claim were time-barred when, in fact, they were not. Plaintiff has thus failed to demonstrate that the order issued on January 17, 2023 was procured by fraud, misrepresentation, or other misconduct by defendant or its attorneys.

100146/2022   THARANI, SHARICK IRIZARRY vs. VALENTINO, DEAN                     Page 2 of 4
Motion No.  007

2 of 4

The remainder of plaintiff's motion challenges the arguments made by defendant's attorneys on the motion for partial summary judgment (NYSCEF Doc No 111 ["Ms. Hillary Ann Fraenkel does not cite a law nor prove that there are not material facts," "it is the defendants' burden of proof, as the party moving for summary judgment, to demonstrate their prima facie entitlement to judgment as a matter of law"]). Though filed as a motion to vacate, this amounts to a motion to reargue, which cannot be considered at this stage; as noted by defendant, plaintiff missed her opportunity to reargue once 30 days passed from service of the notice of entry (NYSCEF Doc No 117).[2] Therefore, plaintiff's motion will not be considered because it is untimely.[3]

Additionally, because plaintiff provided no supporting argument for the dismissal of defendant's affirmative defenses, she also failed to demonstrate that the defenses were meritless as a matter of law (*Granite State Ins. Co. v Transatlantic Reins. Co.*, 132 AD3d 479, 481 [1st Dept 2015] ["In moving to dismiss an affirmative defense pursuant to CPLR 3211 (b), the plaintiff bears the heavy burden of showing that the defense is without merit as a matter of law"]). Therefore, the affirmative defenses will not be dismissed.

Accordingly, it is

---

[2] Though plaintiff contends that she "was never served by defendants' attorneys with the notice of entry" (NYSCEF Doc No 111), defendant submits proof of service by email on the same day the order was entered (NYSCEF Doc No 117). Such service conformed with the consent to e-filing form signed by the parties, which provided that their primary e-mail addresses would be used for service of documents (NYSCEF Doc No 3). Though the parties' e-mail addresses were not indicated on that form, the email dated January 17, 2023 shows that defendant's law firm emailed plaintiff at the same address she used for filing on NYSCEF.

[3] Even if the motion could be construed solely as one to vacate, it would be rejected as untimely. A motion to vacate based on fraud, misrepresentations, or other misconduct by the opposing party must be brought "within a reasonable time" (*Mark v Lenfest*, 80 AD3d 426, 426 [1st Dept 2011]). "The determination as to whether [] a motion has been made within a reasonable time is within the motion court's discretion" (*Nash v Port Auth. of N.Y. & N.J.*, 22 NY3d 220, 225 [2013]). Plaintiff filed her motion to vacate approximately nine months after the order was entered, with no explanation as to her delay (*Telx, LLC v Global Broker Leasing Sys. Inc.*, 2023 NY Slip Op 30126[U], *3 [denying CPLR § 5015(a)(3) motion where movant offered "no excuse for why it waited nine months after learning of the [judgment] to make the motion"]). Nine months is not a "reasonable time" in which to make this application.

ORDERED that the part of plaintiff's motion seeking to vacate the January 17, 2023 order is denied; and it is further

ORDERED that the part of plaintiff's motion seeking to dismiss defendant's affirmative defenses is denied.

20240123120713PGOETZ15F9B59ECFF0F4DE6A2AD572F6995148A

**1/23/2024**
**DATE**

**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

100146/2022   THARANI, SHARICK IRIZARRY vs. VALENTINO, DEAN          Page 4 of 4
Motion No.  007

4 of 4

[* 4]